UNITED STATES DISTRICT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY TRAVIS,

    Plaintiff,

v.                                                          CASE NO._____

HOSPITAL HOUSEKEEPING
SYSTEM, LLC,

    Defendant.

_____

# COMPLAINT

Plaintiff, TIMOTHY TRAVIS, (hereinafter referred to as the "plaintiff" and/or "Travis") sues the Defendant, HOSPITAL HOUSEKEEPING SYSTEM, LLC, (hereinafter referred to as the "Defendant" and/or "HHS"), and alleges as follows:

*INTRODUCTION*

1. This is an action for damages and other relief to redress the deprivation of rights secured to the Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, which prohibits discrimination based on race, gender and hostile work environment discrimination.

## *JURISDICTION AND VENUE*

2. This is an action to remedy discrimination on the basis of race in the terms, conditions and privileges of Plaintiff's employment in violation Title VII of the Civil Rights Act of 1964, as amended, (Title VII), 42 U.S.C. § 2000e *et seq.*

3. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

5. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

6. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

7. Plaintiff has complied with all conditions precedent to the filing of this suit.

8. Plaintiff was issued a "Right to Sue" letter on August 6, 2019, by the United States Equal Employment Opportunity Commission (EEOC).

## *PARTIES*

9. Plaintiff is an individual that resides in the northern district of Florida. He is an individual that is entitled to the protection of Title VII. He is an employee as that term is defined in Title VII.

10. Defendant is a foreign limited liability company. Its principal address is 216 E. 4th Street, Austin, TX 78701. HHS provides janitorial services to hospitals. HHS has provided janitorial services to hospitals located in Fort Walton Beach and in Pensacola, Florida. HHS is an employer as that term is defined in Title VII.

## *FACTS*

11. On March 21, 2017, Mr. Travis was hired by HHS to clean operating rooms at the Twin City Medical Center, in Niceville, Florida. On May 5, 2017, he was recruited by Sabrina Jones, Vice president of North Florida Region for HHS and offered a promotion to the position of Assistant Director of Housekeeping (second shift) at the Fort Walton Beach Medical Center.

12. The Assistant Director for the first shift was Sarah Craig. Mr. Travis reported directly to Thomas Curling, the Director of Housekeeping.

13. Shortly after Mr. Travis began his employment at the Fort Walton Beach Medical Center, he noticed that his second shift team was being over-

worked because they were having to perform work left undone by the first shift team.

14. For example, during one of his inspections of a patient's room, Mr. Travis noticed that broken glass and a dry wash rag was left in the shower of a room that was just cleaned.

15. Further, two housekeepers were working off the same cleaning cart. This practice causes housekeepers to become distracted and causes them to miss cleaning issues.

16. Additionally, first shift would allow trash to pile-up making it difficult to open the door to the closet to collect the trash bin. Mr. Travis received complaints on an almost daily basis from directors, nurses, techs and secretaries regarding cleaning deficiencies that should have been done on the first shift.

17. These issues were presented to Ms. Craig and Mr. Curling in a spirit of cooperation to make sure they were aware of these potential problems.

18. After it was clear that there would be no resolution of these issues by Ms. Craig or Mr. Curling, Plaintiff noticed that he was being targeted by Ms. Craig. She began coercing statements from her team members that were adverse to Mr. Travis.

19. Some of her team members refused to sign the statements. These statements were provided to Sabrina Jones. In addition to coerced statements from

her team members, Ms. Craig reported that Mr. Travis (African-American male) was" targeting white women" and that she was afraid to come to work.

20. On November 27, 2017, Mr. Travis met with Sabrina Jones and Shaun Tindall, the new incoming Director. Ms. Jones told Mr. Travis that she had received documents stating that he was degrading and belittling team members in front of nursing staff and on another occasion, he made a team member cry.

21. Mr. Travis categorically denies these statements. He attempted to again discuss the issues with Ms. Craig. Ms. Jones responded by stating, "This isn't about Sarah, it's about you." Mr. Travis requested a transfer to another HHS facility.

22. On December 1, 2017, Ms. Jones requested that Mr. Travis meet with her in Fort Walton Beach. At the meeting, Ms. Jones and Joe Everett (HHS Director at West Florida Medical-Pensacola) were present. Ms. Jones advised Mr. Travis that she agreed to transfer Mr. Travis to the West Florida Medical facility, with an effective date of Monday, December 4, 2017.

23. On December 4, 2017, Mr. Travis arrived at West Florida Medical Center to begin work. Mr. Everett advised him that they needed to make a conference call to Ms. Jones. During this call, Ms. Jones advised Mr. Travis was being placed on administrative leave of absence with pay until further notice, because she had received more statements and had to investigate them.

24. Later in the day, Mr. Travis called Human Resources to make a complaint and at least give his "side of the story" and respond to the "statements." He was not allowed to file a complaint with HR. On December 7, 2017, Mr. Travis was terminated and replaced by a Caucasian female.

## FIRST CAUSE OF ACTION
*(Title VII- Race Discrimination)*

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this complaint with the same force and effect as if set forth herein.

26. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his race in violation of Title VII of the Civil Rights of 1964.

27. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

28. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment*:*

    a)    Declaring the acts and practices complained of herein are violations of Title VII of the Civil Rights Act of 1964;

b) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

c) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

d) Awarding Plaintiff Front Pay;

e) Awarding Plaintiff compensatory damages;

f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

g) Granting such other and further relief as the Court deems just and proper in the premises.

## SECOND CAUSE OF ACTION
*(Title VII- Gender Discrimination)*

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this complaint with the same force and effect as if set forth herein.

30. Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of his gender in violation of Title VII of the Civil Rights of 1964.

31. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

32. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violations of Title VII of the Civil Rights Act of 1964;

    b) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    c) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

    d) Awarding Plaintiff Front Pay;

  e) Awarding Plaintiff compensatory damages;

  f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

  g) Granting such other and further relief as the Court deems just and proper in the premises.

## THIRD CAUSE OF ACTION
*(Title VII- Hostile Work Environment Discrimination)*

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 24 of this complaint with the same force and effect as if set forth herein.

34. Defendant discriminated against Plaintiff in the terms and conditions of his employment by creating a hostile work environment in violation of Title VII of the Civil Rights of 1964.

35. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

36. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violations of Title VII of the Civil Rights Act of 1964;

    b) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

    c) Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages, pension, and other lost benefits.

    d) Awarding Plaintiff Front Pay;

    e) Awarding Plaintiff compensatory damages;

    f) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

    g) Granting such other and further relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

        Respectfully submitted,

        */s/ R. John Westberry*
        R. John Westberry, Esq.
        Florida Bar No.: 244661
        Email: rjw@westconlaw.com
        Clayton M. Connors, Esq.
        Florida Bar No.: 0095553
        Email: cmc@westconlaw.com
        WESTBERRY & CONNORS, LLC.
        4400 Bayou Blvd, Suite 32 A
        Pensacola, FL 32504
        Telephone: 850-473-0401
        Facsimile: 850-473-1388

        Attorneys for the Plaintiff
        Timothy Travis